## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE BLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) NON-ARTERITIC ISCHEMIC OPTIC NEUROPATHY PRODUCTS LIABILITY LITIGATION | MDL NO. 3163<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| Richard A. Colozzi and Marylou Colozzi,<br>Plaintiffs,<br><br>v.<br><br>Novo Nordisk, Inc.; Novo Nordisk A/S,<br>Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff files this Complaint pursuant to the Direct Filing Order and is to be bound by the rights, protections and privileges, and obligations of that Direct Filing Order and other Orders of the Court. Further, in accordance with the Direct Filing Order, Plaintiff hereby designates the United States District Court for the Eastern District of Massachusetts as Plaintiff's designated venue ("Original Venue"). Plaintiff makes this selection based upon one (or more) of the following factors (check the appropriate box(es)):

Plaintiff currently resides in Woburn, Massachusetts.

Plaintiff purchased and used Defendant(s)' products in Winchester, Massachusetts.

__ The Original Venue is a judicial district in which Defendant _____ resides, and all Defendants are residents of the State in which the district is located (28 USC § 1391(b)(1)).

_X_ The Original Venue is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, specifically (28 USC § 1391(b)(2)):

__ There is no district in which an action may otherwise be brought under 28 USC § 1391, and the Original Venue is a judicial district in which Defendant _____ is subject to the Court's personal jurisdiction with respect to this action (28 USC § 1391(b)(3)).

__ Other reason (please explain): _____ .

## IDENTIFICATION OF PARTIES

### Plaintiff(s)

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Richard A. Colozzi _____.

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim:_____,

as _____ of the estate of _____, deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s):_____.

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: Marylou Colozzi _____.

### Defendant(s)

5.      Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

            __X__ Novo Nordisk Inc.

            __X__ Novo Nordisk A/S

            _____ Eli Lilly and Company

            _____ Lilly USA, LLC

            _____ other(s) (identify): _____.

2

## JURISDICTION AND VENUE

6.    City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Woburn, Massachusetts

7.    State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Massachusetts

8.    State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Massachusetts

9.    City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Woburn, Massachusetts

10.    Jurisdiction is based on:

____X____ diversity of citizenship pursuant to 28 U.S.C. § 1332

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

11.    The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

U.S. District Court for the District of Masschusetts, Eastern Division

12.    Venue is proper in the District Court identified in Paragraph 11 because:

____X____ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

3

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.   If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## PRODUCT USE

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    __X__ Ozempic (semaglutide)

    _____ Wegovy (semaglutide)

    _____ Rybelsus (oral semaglutide)

    _____ Victoza (liraglutide)

    _____ Saxenda (liraglutide)

    _____ Trulicity (dulaglutide)

    _____ Mounjaro (tirzepatide)

    _____ Zepbound (tirzepatide)

    Other(s) (specify):_____.

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

December, 2023 to July, 2024

5

## INJURIES AND DAMAGES

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

_____ Other gastro-intestinal injuries (specify)_____

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify)_____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

__X__ Additional/Other(s) (specify): Nonarteritic Anterior Ischemic Optic Neuropathy (NAION)

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

May, 2024

6

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    **X**   Injury to self

    \_\_\_\_\_ Injury to person represented

    **X**   Economic loss

    \_\_\_\_\_ Wrongful death

    \_\_\_\_\_ Survivorship

    **X**   Loss of services

    **X**   Loss of consortium

    \_\_\_\_\_ other(s) (specify): _____.

7

## CAUSES OF ACTION

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

X    Count I: Failure to Warn — Negligence

___    Count II: Failure to Warn — Strict Liability

X    Count III: Breach of Express Warranty/Failure to Conform to
Representations

X    Count IV: Breach of Implied Warranty

X    Count V: Fraudulent Concealment/Fraud by Omission

X    Count VI: Fraudulent/Intentional Misrepresentation

X    Count VII: Negligent Misrepresentation/Marketing

___    Count VIII: Strict Product Liability Misrepresentation/Marketing

X    Count IX: Innocent Misrepresentation/Marketing

X    Count X: Unfair Trade Practices/Consumer Protection (see below) X

Count XI: Negligence

X    Count XII: Negligent Undertaking

_____Count XIII: State Product Liability Act (see below)

_____ Count XIV: Wrongful Death

X    Count XV: Loss of Consortium

_____Count XVI: Survival Action

_____Other(s) (specify, and on separate pages, plead additional facts supporting

any above claim in sufficient detail as required by applicable rules):

_____

_____

8

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

a.    Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

M.G.L. c. 93A § 9

b.    Identify the factual allegations supporting those claims (by subsection, if applicable):  The defendants willfully, knowingly and deceptively advertised, marketed, promoted, distrubuted and sold Ozempic without adequate and proper warnings concerning health risks including Mr. Colozzi's NAION diagnosis and caused the unreasonably dangerous and defective product to enter the channels of trade in direct violation of M.G.L. c. 93A.

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33*

9

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

_____

_____

_____

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

_____

_____

_____

    c. Identify the factual allegations supporting those claims:

_____

_____

_____

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)?  __Yes__ . If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: _____

RESPECTFULLY SUBMITTED,

*/s/ Marilyn T. McGoldrick*

Marilyn T. McGoldrick, Esquire

Thornton Law Firm LLP

84 State Street, 4th Floor, Boston, MA 02109

(617) 720-1333; (617) 720-2445 (fax)

mmcgoldrick@tenlaw.com

Attorney for Plaintiff